**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALVIN WALKER as Personal Representative
of the ESTATE OF ALBERT WALKER,

    Plaintiff,

vs.                                                  CASE NO. 3:09-cv-10598-J-37JBT

R.J. REYNOLDS TOBACCO COMPANY, *et al.*,

    Defendants.

_____/

This cause is before the Court on the motions heard at the May 7, 2012 status conference before the undersigned. The Court's rulings are incorporated herein.

Accordingly, it is **ORDERED**:

1. Plaintiff's Omnibus Motions in Limine (Doc. 121):

    a. Motion in limine to preclude Defendant from asking the jury to abstain from making Plaintiff a "millionaire" is **DENIED**;

    b. Motion in limine to preclude Defendant from commenting on attorneys' fees or the contractual arrangements of Plaintiff with his counsel is **DENIED as moot**;

    c. Motion in limine to preclude Defendant from making the argument or suggestion that the jury can go home early if it makes a particular finding is **DENIED**; and

    d. Motion in limine to preclude Defendant from making improper causation arguments is **DENIED**.

2. Defendant R.J. Reynolds Tobacco Company's Motion for Use of A Juror

      Questionnaire (Doc. 136) is **GRANTED**. The Court will use the questionnaire used in <u>Pickett</u>, with the addition of a past employment question. The parties shall submit a revised questionnaire as discussed at the status conference.

3. Plaintiff's Request for Case Specific Voir Dire and Expanded Venire (Doc. 120) is **GRANTED in part** and **DENIED in part**. The Court will expand the venire to 40. The motion is denied in all other respects.

4. Plaintiff shall file a response to Defendant R.J. Reynolds Tobacco Co.'s Notice of Intent to Impeach by Evidence of Conviction (Doc. 134) and Defendant shall file a reply to Plaintiff's response.

5. Defendant R.J. Reynolds Tobacco Co.'s Motion for Ruling on Objection to Plaintiff's Counter-Designation of Joyce Walker Deposition (Doc. 135) is **GRANTED**. The Court **SUSTAINS** the objection.

6. R.J. Reynolds Tobacco Co.'s Motion and Request for Admonition Regarding the Testimony of Plaintiff's Expert Dr. K. Michael Cummings (Doc. 137) is **DENIED without prejudice**.

7. Defendant's Motion for a Stay of Trial Pending the Florida Supreme Court's Decision Whether to Review *Douglas* (Doc. 138) is **DENIED**.

8. Defendant's Omnibus Motion <u>in</u> <u>Limine</u> to Prohibit Plaintiff's Counsel from Making Improper Statements and Arguments (Doc. 140):

    a. Motion <u>in</u> <u>limine</u> to preclude Plaintiff from suggesting that the jury should consider that Reynolds is a wealthy corporation and therefore should be treated differently than an individual is **DENIED as moot**;

    b. The Court **RESERVES RULING** on the motion <u>in</u> <u>limine</u> to preclude

       Plaintiff from improperly implying that this is a historic lawsuit;

c. Motion in limine to preclude Plaintiff from misstating the parties' respective burdens of proof as to class membership is **GRANTED**;

d. The Court **RESERVES RULING** on the motion in limine to preclude Plaintiff from commenting, presenting testimony, or arguing that tobacco advertising targeted certain races, including African Americans;

e. The Court **RESERVES RULING** on the motion in limine to preclude Plaintiff from making comments or arguments during opening statements that go beyond a summary of the evidence expected to be admitted at trial; and

f. Motion in limine to preclude Plaintiff from commenting about reasons why Plaintiff did not call as a witness the Decedent's spouse, Pauline Walker is **GRANTED in part** and **DENIED in part**. The Court will permit reference only to Ms. Walker's physical injury.

9. Defendant R.J. Reynolds Tobacco Company's Motion to Adopt Proposed Preliminary Jury Instructions (Doc. 141) is **GRANTED in part**. The Court adopts the proposed preliminary jury instructions to be given to the sworn jury in Exhibit B. The Court **RESERVES RULING** on the adoption of the proposed preliminary instructions to be given to the venire in Exhibit A.

10. Plaintiff's Motion for Jury Instruction Regarding Sequestration (Doc. 144) is **DENIED**. However, the Court does find it appropriate to instruct the jury regarding Mr. Alvin Walker's employment obligations as the reason for his

absence during parts of the trial.

**DONE AND ORDERED** in Chambers in Miami, Florida, on May 7, 2012.

_____
PAUL C. HUCK
United States District Judge

Copies:
Counsel of Record