UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALVIN WALKER, as Personal
Representative of the ESTATE OF
ALBERT WALKER,

                Plaintiff,

vs.                                              CASE NO. 3:09-cv-10598-J-37JBT

R.J. REYNOLDS TOBACCO COMPANY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the following:

1.      Plaintiff's Motion to Determine Entitlement to Costs and Fees Pursuant

to Rule 37(c)(2) (Doc. 198), filed on June 6, 2012;

2.      Defendant R.J. Reynolds Tobacco Company's Response to Plaintiff's

Motion to Determine Entitlement to Costs and Fees Pursuant to Rule

37(c)(2) (Doc. 209), filed on June 28, 2012;

3.      Plaintiff's Reply in Support of Its Motion to Determine Entitlement to

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

Costs and Fees Pursuant to Rule 37(c)(2), filed on July 13, 2012;

4.     Plaintiff's Conditional Motion for Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Proposal for Settlement and for Costs and Expenses as a Prevailing Party and Memorandum of Law (Doc. 199), filed on June 11, 2012;

5.     Defendant R.J. Reynolds Tobacco Company's Opposition to Plaintiff's Conditional Motion for Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Proposal for Settlement and for Costs and Expenses as a Prevailing Party and Memorandum of Law (Doc. 210), filed on June 28, 2012; and

6.     Plaintiff's Reply in Support of Its Conditional Motion for Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Proposal for Settlement and for Costs and Expenses as a Prevailing Party and Memorandum of Law (Doc. 240), filed on July 13, 2012.

For the reasons stated herein, it is respectfully **RECOMMENDED** that both motions be **DENIED**.

## BACKGROUND

Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker, ("Plaintiff") brought this *Engle* progeny wrongful death lawsuit against R.J. Reynolds Tobacco Company ("Defendant").  Plaintiff claimed that as a result of Mr. Walker's addiction to cigarettes manufactured by the Defendant, he developed lung

2

cancer and died.  (*See* Doc. 91, Joint Pretrial Statement at 2.)  Plaintiff sought compensatory and punitive damages in connection with four claims: strict liability, negligence, fraudulent concealment, and conspiracy to commit fraudulent concealment.[2]  (*Id.* at 2.)

The case proceeded to trial on May 11, 2012, and lasted approximately eight days.  The jury first determined that Albert Walker was a member of the *Engle* class, finding that he was addicted to cigarettes containing nicotine and that such addiction was a legal cause of his death.  (Doc. 193.)  The jury returned a verdict in favor of Plaintiff on his strict liability and negligence claims and awarded $275,000 in compensatory damages.  (*Id.*)  However, the jury also found that Albert Walker was ninety percent at fault for his lung cancer and death.  (*Id.*)  The Court entered final judgment for Plaintiff and against Defendant in the amount of $27,500 on May 29, 2012.[3]  (Doc. 197.)

Plaintiff now asks the Court to award attorney's fees pursuant to Rule 37(c)(2), Federal Rules of Civil Procedure ("Rule").  (Doc. 198.)  In addition, Plaintiff conditionally asks the Court to award attorney's fees, costs, and expenses pursuant to his proposal for settlement under Florida Statutes section 768.79.[4]  (Doc. 199.)

---

[2]  Plaintiff had initially also filed breach of express warranty and breach of implied warranty claims, but dismissed them prior to trial.  (Doc. 105.)

[3]  This judgment is currently on appeal.  (Doc. 208.)

[4]  This additional request is conditional on a determination by the Court that Plaintiff is entitled to attorney's fees pursuant to Rule 37(c)(2) in an amount of at least $128,750.  (Doc. 199 at 2.)  Otherwise, he will not have recovered a judgment in an amount at least

3

Plaintiff contends that pursuant to Rule 37(c)(2) he is entitled to attorney's fees and costs associated with proving at trial matters not admitted that were the subject of several requests for admissions served on Defendant.  (Doc. 198 at 3-4.)  Plaintiff estimates those fees and costs amount to $150,000.  (*Id.* at 4.)  Defendant responds that Plaintiff is not entitled to costs and fees because the requests sought admissions on issues that were "central to the parties' dispute, core issues at trial, and on which Plaintiff had the burden of proof."  (Doc. 209 at 1-2.)  Further, Defendant argues that it "had a reasonable ground to believe that it might prevail on the matter" in connection with each request.  (*Id.* at 2.)

## APPLICABLE LAW

Rule 37 requires the court to award expenses, including attorney's fees, to the party who has proved to be true matters not admitted that were the subject of requests for admissions made pursuant to Rule 36.  Fed. R. Civ. P. 37(c)(2).  However Rule 37 specifies that a failure to admit will not result in sanctions under certain circumstances.  *Id.*  Rule 37 provides in relevant part:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it

---

twenty-five percent greater than his offer of settlement.  *See* Fla. Stat. § 768.79.

might prevail on the matter; or

(D) there was other good reason for the failure to admit.

*Id.*

"This sanction encourages parties to identify undisputed issues early so as to avoid unnecessary costs." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) ("The purpose of [Rule 36] is 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'") (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 225 (2d ed. 1994)); *see* Fed. R. Civ. P. 36, advisory committee's notes (1970 amendment) ("The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial.").

Therefore, "*[t]he party runs no risk of sanctions if the matter is genuinely in issue*, since Rule 37(c) provides a sanction of costs only when there are *no good reasons* for a failure to admit." Fed. R. Civ. P. 36, advisory committee's notes (1970 amendment) (emphasis added). "The implicit message of Rule 37 is, therefore, that [i]ssues *obviously subject to dispute should be resolved at trial*, not in a discovery motion." *Perez*, 297 F.3d at 1269 (emphasis in original). Indeed, the Eleventh Circuit Court of Appeals has recognized, and Plaintiff acknowledges, that the "true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted

reasonably in believing that he might prevail." *Mut. Serv. Ins. Co.*, 358 F.3d at 1326

(quoting Fed. R. Civ. P. 37, advisory committee's notes (1970 amendment)); (Doc.

198 at 5). The advisory committee's notes to Rule 37 also explain that "the sanction

provided in Rule 37(c) should deter all *unjustified* failures to admit." Fed. R. Civ. P.

37, advisory committee's notes (1970 amendment) (emphasis added). Therefore,

if the Defendant acted reasonably in denying the requests for admissions, Plaintiff

is not entitled to attorney's fees. *See Mut. Serv. Ins. Co.*, 358 F.3d at 1326 (finding

that a defendant was entitled to attorney's fees only if the plaintiffs were

unreasonable in denying a Rule 37 request for admission).

## DISCUSSION

### Defendant Had Reasonable Grounds to Believe It Might Prevail on Matters Not Admitted

Plaintiff is not entitled to fees and costs in this case because Defendant had

reasonable grounds to believe it might prevail at trial on the disputed issues

contained in the requests for admissions. Plaintiff served Defendant with Plaintiff's

First Request for Admission in August 2011. (Doc. 198 at 2.) On September 6,

2011, Defendant timely served its response, in which it admitted, denied, or objected

to certain requests. (*Id.*) Defendant's denials of Requests 2, 3, 6, 7 and 8 are the

subject of this motion. (*Id.*) These requests sought the following admissions:[5]

---

[5] Plaintiff has not filed with the Court the original requests for admissions or Defendant's responses, which Defendant argues is an additional ground for denial of Plaintiff's motion. However, it appears that Defendant does not dispute the content of the relevant requests or its responses.

6

- **Request No. 2:** Albert Walker was addicted to cigarettes.

- **Request No. 3:** Albert Walker became addicted to cigarettes before January 1, 1966.

- **Request No. 6:** Albert Walker's lung cancer manifested after May 5, 1990.

- **Request No. 7:** Albert Walker's lung cancer was caused by smoking cigarettes.

- **Request No. 8:** Albert Walker's lung cancer was caused by his addiction to cigarettes.

(Doc. 198 at 2; Doc. 209 at 3 n.1.)

Plaintiff contends that, "in rendering its verdict for the Plaintiff, . . . [t]he jury held that Plaintiff proved each of the facts that were the subject of Plaintiff's Requests for Admissions." (Doc. 198 at 3.)  In support thereof, Plaintiff submits the jury's answers to the following relevant verdict interrogatories:

- **Question 1:** Do you find from a preponderance of the evidence that Mr. Walker was addicted to cigarettes containing nicotine?  *Yes.*

- **Question 2:** Do you find from a preponderance of the evidence that Mr. Walker's addiction to cigarettes containing nicotine was a "legal cause" of his lung cancer and death?  *Yes.*

- **Question 10:** Did Mr. Walker know, or should he have known in the exercise of reasonable care, on or before May 5, 1990, that he had

7

been injured, and that there was a reasonable possibility that his injury

was caused by cigarette smoking?  *No.*

(Doc. 193.)  While Plaintiff's contention is accurate, it does not by itself establish that

Plaintiff is entitled to fees and costs pursuant to Rule 37(c).

## I.   Defendant Had a Reasonable Ground to Believe That It Might Prevail on the Issue of Addiction

Requests 2, 3 and 8 asked the Defendant to admit that Mr. Walker was

addicted to cigarettes and that this addiction caused his lung cancer.  Plaintiff admits

that Defendant's denials of Requests 2, 3 and 8 were "central to the defense in these

*Engle* progeny cases."  (Doc. 198 at 7.)  Further, these requests embody the

question of *Engle* class membership, the threshold question in any *Engle* progeny

case.  *See Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1274 (Fla. 2006).  At trial,

Defendant argued that Mr. Walker chose to smoke, did not make substantial quit

attempts, and enjoyed smoking.  (Doc. 213, Trial Tr. Vol. VI P.M. at 1611:21-24.)

Defendant had sufficient evidence to support its reasonable belief that it might

prevail on the issue of addiction.  (Doc. 209 at 5-7.)  Defendant's expert, Dr.

Abramson, testified that Mr. Walker was not addicted to smoking cigarettes.[6]  (Doc.

219, Trial Tr. Vol. VI A.M. at 1465:22-1466:2.)  In addition, Defendant elicited

testimony from at least one of Plaintiff's experts, Dr. Cummings, that there was no

credible testimony that Mr. Walker ever made any serious quit attempts. (Doc. 211,

---

[6]  It is noteworthy that even though the jury found that Mr. Walker was addicted to cigarettes, it still found him ninety percent at fault for his death.

Trial Tr. Vol. IV P.M. at 1025:1-14; 1025:24-1029:17.)  In sum, it is clear that the issue of addiction was a genuine issue for trial.  Thus, Defendant did not act unreasonably in denying these requests.

## II.   Defendant Had a Reasonable Ground to Believe That It Might Prevail on the Issue Whether Smoking Was the Cause of Mr. Walker's Lung Cancer

Request 7 asked Defendant to admit that Mr. Walker's lung cancer was caused by smoking.  Again, Defendant had sufficient evidence to support its reasonable belief that it might prevail on this issue.  (Doc. 209 at 7-8.)  For example, Defendant had evidence that Mr. Walker filed a disability claim with the Department of Veterans Affairs after he was diagnosed with lung cancer certifying that he believed his cancer was the result of exposure to radioactive waste.  (Doc. 209 at 7; Doc. 213, Trial Tr. Vol. VI P.M. at 1648:21-1649:19.)  In addition, Mr. Walker's wife filed a similar claim alleging that Mr. Walker's cancer was caused by exposure to Agent Orange.  (Doc. 209 at 7-8; Doc. 213, Trial Tr. Vol. VI P.M. at 1648:21-1649:19.)  At trial, defense counsel argued that this evidence showed that Mr. and Mrs. Walker believed Mr. Walker's cancer was caused by radioactive waste and/or Agent Orange.  (*Id.*)

Plaintiff argues that Defendant did not offer any expert testimony or evidence that would have supported an alternative cause of Mr. Walker's lung cancer.  (Doc. 198 at 5.)  However, the fact that Plaintiff had the burden of proof on this issue, coupled with the aforementioned evidence, were sufficient to provide a genuine

issue for trial.  (*See* Doc. 213, Trial Tr. Vol. VI P.M. at 1648:20-1649:19.)  Though

Plaintiff presented expert testimony on this issue, the jury is entitled to accept or

reject expert testimony, even if uncontroverted.  *Gregg v. U.S. Indus., Inc.*, 887 F.2d

1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not

conclusive, and the jury has every right not to accept it.").  Thus, Defendant did not

act unreasonably in denying Request 7.

III.   **Defendant Had a Reasonable Ground to Believe That It Might Prevail on the Issue Whether Mr. Walker's Lung Cancer Manifested Prior to the *Engle* Class Period**

Finally, Request 6 sought an admission from Defendant that Mr. Walker's lung

cancer manifested after May 5, 1990, so that the statute of limitations was satisfied.

*See Engle*, 945 So. 2d at 1276.  To support this affirmative defense, Defendant had

to prove at trial that Mr. Walker knew or should have known that he had a smoking-

related lung cancer prior to May 5, 1990.  *See R.J. Reynolds Tobacco Co. v. Webb*,

93 So. 3d 331, 335 (Fla. 1st DCA 2012) ("[T]he controlling question was when [the

smoker] knew or should have known that he had smoking related lung cancer.").

Plaintiff argues that this issue was "uncontested by Defendant at trial."  (Doc.

198 at 10.)  However, the matter was contested, and was allowed to go to the jury.

There was evidence at trial that Mr. Walker's lung cancer diagnosis was made  soon

after May 5, 1990, in August 1990.  (*See* Doc. 213, Trial Tr. Vol. VI at 1563:6-13;

1632:4-5.)  Further, there was evidence that Mr. Walker lost a significant amount of

weight several months prior to that diagnosis and possibly before May 5, 1990.  (*See*

Doc. 209-1, 7/23/90 Baptist Hospital Record (noting that Mr. Walker had lost approximately 30 pounds "over the last few months"); *see also* Doc. 209-2, 8/10/1990 Record of Mark Boatright, M.D. (noting that Mr. Walker had "lost approximately 20 pounds of weight in the last three months").)   In addition, Defendant elicited testimony from Mr. Walker's treating physician, Dr. Tan, both that Mr. Walker's weight loss prior to his lung cancer diagnosis would have been a basis to seek medical treatment and was consistent with development of lung cancer. (Doc. 216, Trial Tr. Vol. V A.M. at 1193:12-1194:2; Doc. 209-3, Video Dep. of Dr. Thomas Tan.)  Although the Court noted that "it's not a very strong case for statute of limitations," it nevertheless denied Plaintiff's Rule 50 motion on this issue, and concluded there was sufficient evidence for the question to go to the jury.  (Doc. 213, Trial Tr. Vol. VI P.M. at 1553-1555; Doc. 185.)  Thus, a genuine issue for trial was presented and Defendant did not act unreasonably in denying Request 6.

## CONCLUSION

The subject requests for admissions concerned genuinely disputed issues at trial.  The fact that Plaintiff ultimately prevailed on these issues does not mean that Defendant acted unreasonably in denying them.  Rather, Defendant had reasonable grounds to believe it might prevail on these issues at trial.  Therefore, sanctions pursuant to Rule 37(c) are not warranted.   Accordingly, it is respectfully recommended that both of the subject motions be denied.

For the above stated reasons, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Determine Entitlement to Costs and Fees Pursuant to Rule 37(c)(2) (**Doc. 198**) and Plaintiff's Conditional Motion for Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Proposal for Settlement and for Costs and Expenses as a Prevailing Party and Memorandum of Law (**Doc. 199**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on November 1, 2012.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record